UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-24-08
```

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

        v.

ANATOLY RUSS,

        Defendant.

Civ No. 08CV0415 (LBS)
ECF Case

## FINAL JUDGMENT ON DEFAULT AND ORDER OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT ANATOLY RUSS

Plaintiff Securities and Exchange Commission (the "Commission") having moved for the entry of a default judgment against defendant Anatoly Russ, this Court having received no response from the duly noticed Defendant, and it further appearing that there is no just reason for delay, and finding that there is sufficient basis herein for the entry of this Final Judgment on Default and Order of Permanent Injunction and Other Relief Against Defendant Anatoly Russ ("Final Judgment");

**NOW THEREFORE,**

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

Plaintiff Commission's motion is hereby GRANTED, and judgment by default is hereby entered against Defendant Anatoly Russ.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT:**

Defendant Anatoly Russ, and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT:**

Defendant Anatoly Russ, and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934

("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5, promulgated thereunder [17 C.F.R. § 240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange in connection with the purchase or sale of any security:

(a)  to employ any device, scheme or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT:**

Defendant Anatoly Russ is liable for disgorgement of $88,465, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $12,407.52, for a total of $100,872.52. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following the entry of this Final Judgment. In response to any such civil contempt motion by the Commission, the Defendant may assert any legally permissible defense. Payments under this

3

paragraph shall be made to the Clerk of this Court, together with a cover letter identifying Russ as the defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of each such payment and the letter to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant.  The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court.  These funds, along with other funds paid into the Court on behalf of Russ by other parties holding his assets, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.  The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT:**

Should the Commission succeed in repatriating, or otherwise collecting, any of Defendant's assets, such assets, in whatever form, need not be deposited in the Registry of this Court but, rather, may be paid to the Securities and Exchange Commission and remitted thereafter directly to the United States Treasury. However, the Commission shall within ten days of receipt of any such assets, notify this Court of its receipt of such assets by the filing of a Notice of Receipt of Defendant's Assets, so that defendant may be properly credited for any such payments against amounts owed as disgorgement.

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT:**

Defendant Russ shall pay a civil penalty in the amount of $130,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d), as amended by 17 C.F.R. § 201.1003] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3), as amended by 17 C.F.R. § 201.1003]. Russ shall make this payment within ten business days of the entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Russ as the defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant

to this Final Judgment. Russ shall simultaneously transmit photocopies of such payment and the accompanying letter to Scott Thompson, Senior Trial Counsel, Securities and Exchange Commission, Philadelphia Regional Office, 701 Market Street, Suite 2000, Philadelphia, PA 19106. Russ shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT:**

This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

July 27, 2008
DATE

_____
Leonard B. Sand
United States District Judge